UNITED STATES of America,
Plaintiff–Appellee

v.

Severo Gregorio GONZALES, also
known as Severo Gregario Gon-
zales, Defendant–Appellant.

No. 12–50085
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2012.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, San Anto-
nio, TX, for Plaintiff–Appellee.

John Anthony Peralta, Esq., Liberty,
TX, for Defendant–Appellant.

Before KING, CLEMENT, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Severo Gregorio Gonzales appeals the
18–month term of imprisonment imposed
following the revocation of his supervised
release for importation of marijuana. He
argues that his sentence, which exceeds
the range set forth in the nonbinding poli-
cy statements set forth in Chapter Seven
of the Sentencing Guidelines but is within
the statutory maximum, is procedurally
unreasonable because the district court
failed to consider the applicable 18 U.S.C.
§ 3553(a) sentencing factors and failed to
articulate its reasons for imposing sen-

tence. He further argues, in reliance on
*United States v. Smith,* 440 F.3d 704, 708
(5th Cir.2006), that the sentence is sub-
stantively unreasonable because it fails to
reflect the sentencing factors set forth in
§ 3553(a).

Revocation sentences generally are re-
viewed under 18 U.S.C. § 3742(a)'s "plain-
ly unreasonable" standard. *United States
v. Miller,* 634 F.3d 841, 843 (5th Cir.), *cert.
denied,* —— U.S. ——, 132 S.Ct. 496, 181
L.Ed.2d 345 (2011). As Gonzales con-
cedes, however, because he raised no ob-
jections in the district court, review is for
plain error. *See United States v. White-
law,* 580 F.3d 256, 259–60 (5th Cir.2009).
Under the plain error standard, Gonzales
must show a clear or obvious error that
affected his substantial rights. *See Puck-
ett v. United States,* 556 U.S. 129, 135, 129
S.Ct. 1423, 173 L.Ed.2d 266 (2009). This
court has discretion to correct the error
but only if it seriously affects the fairness,
integrity, or public reputation of the pro-
ceedings. *Id.*

The district court did not expressly ref-
erence § 3553(a) in imposing sentence.
Although the court's comments in impos-
ing sentence were brief, the record reflects
that the court considered the policy state-
ment range of three to nine months, Gon-
zales's three prior revocations of super-
vised release, Gonzales's comments at the
revocation hearing, defense counsel's argu-
ments in mitigation of sentence, and the
Government's arguments that a sentence
above the recommended range was war-
ranted. The record reflects that the court
considered the nature and circumstances
of Gonzales's supervised release violation
as well as his history and characteristics in
imposing sentence and thus implicitly con-
sidered the § 3553(a) factors. *See*

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 3553(a)(1); *Whitelaw,* 580 F.3d at 262–65; *United States v. Gonzalez,* 250 F.3d 923, 930 (5th Cir.2001). The district court's explanation, in the context of the revocation hearing, was sufficient, and, thus, Gonzales has not shown clear or obvious error. *Cf. Whitelaw,* 580 F.3d at 261–62 (determining that lack of explicit statement setting forth reasons for imposition of sentence outside of recommended guidelines range was not clear or obvious error). Nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence, and there is no suggestion in the record that the district court considered any improper factor or would impose a different sentence on remand. *See id.* at 264–65. Gonzales has not demonstrated plain error with respect to his challenge to the district court's explanation of the sentence imposed upon revocation. *See id.* at 265.

The court's comments at sentencing, in the context of the revocation hearing, reflect that the court was imposing the 18–month sentence on the basis of Gonzales's specific history and characteristics, which included that Gonzales's admitted cocaine use in October 2011 followed his three prior revocations of supervised release, one for testing positively for cocaine use and two for absconding from supervision. *See* § 3553(a)(1). Contrary to Gonzales's appellate argument, the record does not reflect that the sentence "unreasonably fail[ed] to reflect the statutory sentencing factors." *Smith,* 440 F.3d at 708. Gonzales's revocation sentence did not exceed the statutory maximum sentence; accordingly, he has not shown that the sentence imposed constituted plain error. *See Whitelaw,* 580 F.3d at 265.

AFFIRMED.